**458. EMPLOYER'S LIABILITY.**
Antenen, Recr. v. State ex Bredwell, et. OA. 6 Abs. 310.

**480. EVIDENCE.**
See 793 Motor Vehicles. Representative Bus Co. v. Simmons, OA. 6 Abs. 311.
Ferguson v. Siegel, OA. 6 Abs. 299.

**531. FINES & PENALTIES.**
Boyer v. State ex Halyburton, OS. 6 Abs. 310.

**645. INSOLVENCY.**
See 531 Fines & Penalties. Boyer v. State ex Halyburton, OS. 6 Abs. 310.

**681. JURISDICTION.**
See 798 Municipal Court. Hotel Pendleton Co. v. McNab, et. OA. 6 Abs. 298.

**703. LANDLORD & TENANT.**
Harmony Realty Co. v. Underwood. OA. 6 Abs. 308.

**708. LEASES.**
See 1257 Waste. J. H. Bellows Co. v. Covell, OA. 6 Abs. 307.

**753. MEASURE OF DAMAGES.**
See 225 Charge of Court. Campbell v. Eddy, OA. 6 Abs. 311.
Representative Bus Co. v. Simmons, OA. 6 Abs. 311.

**787. MORTGAGES.**
Standard Sanitary Mfg. Co. v. George. OS. 6 Abs.

**791. MOTION—for new trial.**
Representative Bus Co. v. Simmons. OA. 6 Abs. 311.

**793. MOTOR VEHICLES.**
Representative Bus Co. v. Simmons. OA. 6 Abs. 311.
See 301 Contributory Negligence. B. & O. Rd. Co. v. Metz, OA. 6 Abs. 301.

**798. MUNICIPAL COURT.**
Hotel Pendleton Co. v. McNab, et. OA. 6 Abs. 298.

**829. NEGLIGENCE.**
Reynolds v. Hart, OA. 6 Abs. 301.
See 301 Contributory Negligence. B. & O. Rd. Co. v. Metz, OA. 6 Abs. 301.
See 703 Landlord & Tenant. Harmony Realty Co. v. Underwood. OA. 6 Abs. 308.

**855. NUISANCE.**
Indust. Fibre Co. v. State, OA. 6 Abs. 302.

**870. OPTIONS.**
Eberly v. Gutentag & Son. OA. 6 Abs. 306.

**887. PARTIES.**
See 798 Municipal Court. Hotel Pendleton Co. v. McNab, et OA. 6 Abs. 298.

**904. PEDESTRIANS.**
Harmony Realty Co. v. Underwood. OA. 6 Abs. 303.

**923. PLEADINGS.**
See 997 Real Estate. Sigafoos et Admrs. v. Marker, et. OA. 6 Abs. 311.

**923. PLEADINGS.**
See 480 Evidence. Ferguson v. Siegel, OA. 6 Abs. 299.

**928a. POLICE OFFICERS.**
Reynolds v. Hart, OA. 6 Abs. 301.
(Continued on Page 312)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

**HOTEL PENDLETON CO. v. McNAB et.**

Ohio Appeals, 9th Dist., Summit Co.

No. 1374.    Decided Mar. 9, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**798. MUNICIPAL COURT — 681.    Jurisdiction — 887 Parties.**

Where Municipal Court has jurisdiction of subject matter and of parties and it clearly appears from record that defendant, if liable at all, would be liable to each plaintiff, at least in separate actions, and that evidence would be the same in each action except as to particular article, and its value, belonging to each plaintiff and that evidence as to each one could not affect the right of the other and record clearly shows what article belonged to each plaintiff so that amount due each one could readily be determined, Municipal Court has special jurisdiction, under 1579-506 GC., and it is error for trial court to direct verdict on ground that none of property stolen was owned jointly by plaintiffs.

**396. DIRECTED VERDICT.**

Where evidence and reasonable inferences to be drawn therefrom are such that there is some evidence upon each of the questions and upon every material issue necessary to be proven to entitle plaintiff to recover, it is reversible error to direct verdict.

Error to Common Pleas.

Judgment affirmed.

James Olds. Akron, for Hotel Pendleton Co.
J. L. Griffiths, Akron, for McNab et.

STATEMENT OF FACTS

Arthur and Ida McNab, husband and wife, commenced a joint action in the Municipal Court of Akron against the Pendleton Hotel Co., to recover the value of certain property belonging to them, alleged to have been stolen from their room in the hotel of defendant.

At the trial both of them testified that part of the property belonged to the husband, part to the wife, and part to their baby daughter. The record does not show that they were the joint owners of any of the property alleged to have been stolen.

At the close of all the evidence, defendant moved the court to direct the jury to return a verdict for defendant. The record affirmatively shows that this motion was not argued. It does not show that counsel stated the grounds upon which he based his motion.

The record shows that the court sustained the motion on the ground that the parties plaintiff testified that they each owned certain articles, as individuals, of the property stolen and for which they sought to recover, and were not the joint owners of any of the property alleged to have been stolen, and for the further reason "that the measure of damages could not be determined because * * * the value of the goods have not been fixed except as to cost price, and that would not be the measure of damages in this case, but the market value

at the time that they were purloined from the plaintiff."

Motion for new trial was duly filed and overruled and a petition in error filed in Common Pleas Court, which court reversed the judgment of the Municipal Court for error in directing the verdict and ordered the cause remanded to that court for further proceedings according to law.

FUNK, J.

"As to the misjoinder of parties plaintiff.

This case was tried in the Municipal Court of Akron, which court has such jurisdiction as is provided by law. The jurisdiction of that court is fixed by GC. Sec. 1579-506. Subdivision 1 of this section gives it the broad general jurisdiction "In all actions and proceedings of which justices of the peace have or may be given jurisdiction." This subdivision is followed by ten other subdivisions by which it is given special jurisdiction in certain matters, wherein the amount involved does not exceed $1000. Subdivision eleven of this section reads as follows:

"11. Within the jurisdiction of the court, authority to determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination cannot be had without the presence of other parties, the court may order them to be brought in or may dismiss the action without prejudice."

It is apparent from the provisions of this section that it was the intention of the legislature that the Municipal Court of Akron should be a court where justice could be meted out speedily between litigants, without requiring them to conform to certain technical rules of procedure. Under this subdivision 11 the court has jurisdiction "to determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights."

In the instant case the court had jurisdiction of the subject-matter and of the parties to the action. It clearly appears from the record that if the Hotel Co. is liable at all, it would be liable to each plaintiff at least in separate actions, and that the evidence would be the same in each action except as to the particular article and its value, belonging to each plaintiff, and that the evidence as to each one could not affect the rights of the other.

It is therefore clear that the Municipal Court had special jurisdiction under this section of the Code to proceed to determine the case without prejudice to the rights of anyone, and that it was error for the trial court to direct a verdict on the ground that none of the property stolen was owned jointly by plaintiffs.

As to the questions of the value of the articles alleged to have been stolen, and whether or not the relation of innkeeper and guest existed within the meaning of the law.

The latest pronouncement of our Supreme Court upon whether or not the evidence in a particular case is such as to bring a determination upon it within the province of the jury, is in case No. 20423, Painesville Utopia Theatre Co. v. Lautermilch, decided Feb. 29, 1928, the syllabus of which is reported in the Ohio Law Bulletin & Reporter of March 5, 1928.

Under this holding we are clearly of the opinion that the evidence and the reasonable inferences to be drawn therefrom were such that there was some evidence upon each of these questions and upon every other material issue necessary to be proven to entitle the plaintiffs to recover, and that it was reversible error in not submitting the case to the jury under proper instructions, including instructions that if they should find for plaintiffs, that they should find the amount due each, but that if they found for defendant then it would not be necessary for them to find any amount due either plaintiff.

The judgment of the Common Pleas Court is therefore affirmed and the cause remanded for further proceedings according to law."

(Pardee, J., concurs. Washburn, PJ., took no part in the consideration or decision of this case.)