Turner, J.
 

 To show clearly the application of the controlling principle of law to the facts, 'the statement of facts has been and this opinion will be unavoidably long. It should be borne in mind that this is a statutory divorce and alimony case and not a chancery case. See 14 Ohio Jurisprudence, 380, Section 6;
 
 Durham
 
 v.
 
 Durham,
 
 104 Ohio St., 7, 135 N. E., 280;
 
 Marleau
 
 v.
 
 Marleau,
 
 95 Ohio St., 162, 115 N. E., 1009;
 
 DeWitt
 
 v.
 
 DeWitt,
 
 67 Ohio St., 340, 350, 66 N. E., 136.
 

 
 *309
 
 The Court of Appeals summarized the assignments of error in that court as:
 

 “1. That the judgment in said cause is contrary to law in that, upon the finding of facts in said cause, the defendant was entitled to judgment in his favor.
 

 “2. Error of the court in overruling the motion of the defendant for judgment in his favor upon said finding of facts.”
 

 As stated by counsel for appellant: # * the fundamental question of law involved is whether or not the facts as found by the trial court are such as to constitute gross neglect of duty and extreme cruelty within the meaning of the statutes pertaining to divorce in the state of Ohio. Fundamentally the legal question is even deeper than that. This case concerns the question of whether or not a husband, who is approximately seventy-five (75) years of age and in failing health and who has lived with his wife for approximately eighteen (18) years can transfer practically all of his property to children by a former marriage with the express purpose of defeating his wife’s right, to share in his estate and without reserving anything whatever for her future support and maintenance, said transfer being wholly without consideration. In other words, might such a transfer be such an act as to constitute gross neglect of duty and extreme cruelty? Furthermore, the question in this case involves whether or not the phrase ‘any gross neglect of duty’ means any gross neglect of a legal duty or does it mean any gross neglect of a marital duty having in mind that a marital duty means the duty of mutual respect, fidelity and support. The sole assignment of error in this case is that the judgment of the Court of Appeals is contrary to law.”
 

 Counsel for appellant cite paragraph 9 of the syllabus in the ease of
 
 Porter, Exr.,
 
 v.
 
 Lerch,
 
 129 Ohio St., 47, 193 N. E., 766, which reads:
 

 
 *310
 
 “The term ‘any gross neglect of duty’ made one of the causes for divorce under Section 11979,- General Code, is elusive of concrete definition and its application as a cause for granting a divorce must depend upon the circumstances of the particular case.”
 

 Counsel then make the following argument:
 

 “The Court of Appeals in making its decision in this case holds that to constitute a ground of gross neglect of duty that there must be a gross neglect of a legal duty as affecting property. The court says in substance that this husband was under no legal duty to see to it that his wife was provided for beyond the grave of the husband. Therefore, if the wife- should live many years after the husband, even though she is an old woman, she must look after herself. We say to this court that such a conclusion on the part of the Court of Appeals is erroneous and that a husband has more of a duty to perform than that under Section 7995 of the General Code. The facts in this case show that he breached his contract toward the wife in failing to carry out his obligation of mutual respect, fidelity and support and therefore such breach of contract was a gross neglect of duty. In other words we are placing this matter upon a higher basis than property rights and contending that human"rights should prevail.”
 

 As to extreme cruelty, counsel for appellant argue:
 

 ‘ ‘ Can anyone imagine more mental abuses and mental anxiety and mental torment than to be an old woman broken in health with a knowledge that a husband has been so disrespectful to her as to convey all of his property, or practically all of the property without consideration so that she might not enjoy it should her husband pass away? If that is not an act as cruel and inhuman as an act could be, mental cruelty means nothing in this state. # # *
 

 “We have searched long and diligent to find any case reported similar to this one but we have found none.
 
 *311
 
 However, we believe that broad general rules of law should apply and that the trial court should be sustained.”
 

 Gross neglect is an omission of duty. The trial court in its findings of fact brushed aside all charges of neglect and found in favor of defendant husband in respect of them. However, the trial court did find that by an act of commission the husband had been guilty of both gross neglect of duty and extreme cruelty. Unless this act of commission was an act which violated some statutory duty of the husband toward the wife, it could not be the predicate of either gross neglect of duty or extreme cruelty.
 

 In 14 Ohio Jurisprudence, 203, Section 88, it is said:
 

 “The husband having absolute dominion over his personalty during his lifetime, it has been held that he may, by a
 
 bona fide
 
 gift
 
 inter vivos,
 
 deprive his widow of any share in the same; this act constitutes no fraud upon her marital rights. ’ ’
 

 The. amended petition in addition to the grounds upon which the trial court refused a divorce, contains the following allegation:
 

 “That after living for a period of approximately sixteen years on the interest from his money and being deprived of the usual support and necessities defendant has endeavored to defeat her rights by disposing of the principal of said money so that in the event of defendant’s decease that plaintiff would be forced to depend upon charity for her support.”
 

 As to the defendant husband’s representations in his proposal of marriage, the trial court found such representations to have been correct. Therefore, no fraud was practiced at that time.
 

 We adopt the summary made by the Court of Appeals in its
 
 per curiam
 
 opinion wherein it was said:
 

 “In the instant case the court expressly found against the plaintiff on her complaints in her amend
 
 *312
 
 ed petition, that the defendant had failed to provide for her necessities in the form of clothing and medical care and had failed to maintain the home in proper condition, of defendant’s unclean and unsanitary habits, of unkind and disagreeable conduct and deportment, and of his peculiarities of diet, and on all other allegations made by her as to misconduct on the part of the defendant other than the transfer of the certificates of deposit above mentioned. Other than the allegations of her amended petition above mentioned, which the court found against her, the plaintiff predicated her right to divorce and alimony and the avoidance of such transfers upon an allegation that, ‘defendant has endeavored to defeat her rights by disposing of the principal of said money so that in the event of defendant’s decease that plaintiff would be forced to depend upon charity for her support.’ ”
 

 Commenting upon the conclusions of law reached by the trial court the Court of Appeals said:
 

 “Assuming, however, that the conclusions_ of law made by the court to the effect that such transfers undermined plaintiff’s economic security, and left both plaintiff and defendant dependent for their future needs upon the caprices of his children and removed , plaintiff’s reasonable economic expectations and created mental uncertainty and fear for her future, and also imposed upon her a contingent economic burden in case defendant’s children failed him, are warranted by the allegations of the amended petition and the finding of fact made by the court, such conclusions of law are insufficient to warrant the avoidance of the transfers and the granting of divorce and alimony to plaintiff,
 
 as they fail to show any invasion of plaintiff’s present existing right to support.
 

 “Furthermore, failure to support, to constitute gross neglect of duty,
 
 must exist at the time a decree for divorce and alimony is rendered
 
 and cannot be
 
 *313
 
 predicated upon a possible or probable failure of future support, nor does such possible or probable failure of future support constitute extreme cruelty within the purview of the statutes relating to divorce and alimony.” (Italics ours.)
 

 With these observations and conclusions of the Court of Appeals we agree.
 

 In the case of
 
 Bolles
 
 v.
 
 Toledo Trust Co., Exr.,
 
 144 Ohio St., 195, 58 N. E. (2d), 381,-A. L. R., —, this court held:
 

 “A husband may dispose of his personal property during his lifetime without the consent of his wife; but a husband may not bar his widow of her right to a distributive share of any property which he owns and of which he retains the right of disposition and control
 
 up to the time of his death.”
 
 (Italics ours.)
 

 In the instant case we do not have the question of the widow’s ■ right to have a fraudulent transfer set aside and her right established to a distributive share of property so conveyed. On the contrary the question here is whether a husband’s gifts to his children constitute, as found by the trial court, gross neglect of duty and/or extreme cruelty. The basis of a widow’s right to participate in property so transferred is that the deceased husband did not part with the absolute dominion over the property during his lifetime.
 

 The principal contention of appellant is founded upon Section 7995, G-eneral Code, which provides:
 

 “Husband and wife contract towards each other obligations of mutual respect, fidelity, and support.”
 

 Appellant contends that the disposition of the $10,-000 by the husband was a violation of the marital duties defined in Section 7995,
 
 supra,
 
 and that such violation was a gross neglect of duty; that under the facts of this case the husband was under a legal duty to see that the wife was provided for after his death; and that the facts in this case show that the husband breached
 
 *314
 
 such contract of mutual respect, fidelity and support and that such breach of contract was a gross neglect of duty.
 

 In this connection counsel for appellant say: “In other words we are placing this matter upon a higher basis than property rights and contending that human rights should prevail.”
 

 All grounds for divorce and/or alimony and the rights of a relict in the estate of a deceased spouse are fixed by the statutory law of this state. We are unable to find in the statutory law of this state any justification for holding that a husband’s disposal or attempted disposal of his personal property during his lifetime with intent to defeat his widow’s rights constitutes either gross neglect of duty or extreme cruelty.
 

 Section 11996, General Code, provides:
 

 “When it is made to appear to the court, or a judge in vacation, that a party is about to dispose of or incumber property, or any part thereof, so as to defeat the other party in obtaining alimony, such court or judge may allow an injunction to prevent this, with or without bond, at discretion. A party may sell and assign the order for alimony or allowance, after it is made.”
 

 The amended petition contains no allegation to the effect that the husband was about to dispose of or incumber his property so as to defeat plaintiff in obtaining alimony. The complaint in this respect is, “defendant has endeavored to defeat her rights by disposing of the principal of said money so that in the event of defendant’s decease that plaintiff would be forced to depend upon charity for. her support.”
 

 The trial court, found that the husband was possessed of real estate “worth somewhat in excess of $2,000,” and that the transfers complained of were accomplished rather than threatened. However, upon
 
 *315
 
 the filing of the original petition, the trial court did enjoin the husband from disposing of any property which he then owned or had the right to dispose of until further order of the court.
 

 It being conceded that the transfers were an accomplished fact, it is not understood how the court, without bringing in the parties to whom the transfers had been made, could determine the rights of property even in a chancery case. The mere holding the case open “for the purpose of bringing additional parties into court in order to enforce equitable contribution” would not cure such defect.
 

 We are not called upon here to determine what remedy, if any, a wife has during her husband’s lifetime to set aside a transfer by the husband of his property with intent to deprive her of her right to support during her husband’s lifetime. If» such remedy does exist, it will be found in chancery and not in the statutory action for divorce and/or alimony. Rather, we are called upon to. determine whether the Court of Appeals erred in holding that assuming the truth of such transfers and the alleged purpose thereof, neither gross neglect of duty nor extreme cruelty was thereby established.
 

 In addition to the mutual obligation of respect, fidelity and support prescribed in Section 7995, supra, Section 7996, General Code, places the husband at the head of the family with the privilege of choosing any reasonable mode of living, to which the wife must conform. Section 7997, General Code, requires the husband, if able, to support his wife.
 

 The trial court’s finding of fact does not disclose the violation of either of these sections. Section 7998, General Code, provides:
 

 “Neither husband nor wife has any interest in the property of the other, except as mentioned in the next preceding section, the right to dower and to remain in
 
 *316
 
 the mansion house after the death of either, as provided by law; and neither can be excluded from the other’s dwelling, except upon a decree or order of injunctiofL made by a court of competent jurisdiction.”
 

 The xoreceding section — 7997, G-eneral Code — provides :
 

 “The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.”
 

 In 21 'Ohio Jurisprudence, 377, Section 52, it is said:
 

 “During coverture the wife had no right whatever to the personal estate of the husband, or any portion of its proceeds or profits, under the common law. In a legal sense, the wife has under the Married Woman’s Act no interest in her husband’s personal property during his lifetime. She has no- such interest in her husband’s x^ersonal property under Gr. C. Section 7998. But she does have a right to support out of his property. The wife obtains no interest in his personalty by the marriage, either to sell or relinquish. Although the rights of the wife in the property of her husband are highly favored in equity, and the court will carefully protect them, it cannot create new rights therein for her. To hold that she has any rights, inchoate or otherwise, in the husband’s personal property during his lifetime, would not be protecting her existing rights, but legislating in her behalf, and doing that which the legislators have left undone. Nevertheless, the wife has such an interest in the personal property of her husband that he cannot deprive her of it by will without her consent. Hence it is not inequitable to hold that she has such an interest in his personalty during his lifetime as may be protected against the fraud of the husband where the rights of innocent third parties are not involved.”
 

 Under the finding of facts and conclusion of law
 
 *317
 
 made by tbe trial court as well as under the trial court’s final entry and tbe
 
 per curiam
 
 opinion of tbe Court of Appeals, tbe appellant’s right to present support was not violated. We agree with the Court of Appeals that “* * * failure to support, to constitute gross neglect of duty, must exist at the time a decree for divorce and alimony is rendered and cannot be predicated upon a possible or probable failure of future support, nor does such possible or probable failure of future support constitute extreme cruelty within the purview of the statutes relating to divorce and alimony. ’ ’
 

 What has been said of the term “any gross neglect of duty” as contained in Section 11979, General Code, applies as well to the same term as used in Section 11997, General Code, which defines the grounds or causes for which alimony may be allowed. It is to be noted that “extreme cruelty” is not given as a ground or cause for alimony in Section 11997, General Code. Instead a ground of separation in consequence of ill treatment is substituted.
 

 The findings of fact by the trial court are insufficient to support either a charge of gross neglect of duty or extreme cruelty.
 

 Therefore, we are of the opinion that the Court of Appeals did not commit any error in reversing the judgment of the trial court or in rendering final judgment in favor of defendant husband (appellee here) or in dismissing plaintiff’s (appellant here) petition.
 

 Judgment affirmed.
 

 Zimmerman, Bell and Matthias, JJ., concur.
 

 Weygandt, C. J., Williams and Hart, JJ., dissent.