Bell, J.
 

 This record contains no evidence to warrant a court in declaring that the deed from John A. Neville to his daughter Florence Champion, dated Oc-. tober 2, 1943, was null and void.
 

 There is no substantial evidence of any conspiracy between John A. Neville, Florence Champion and Edwin F. Sawicki or any of them, nor is there any evi
 
 *543
 
 dence of undue influence exerted by Florence Champion upon her father. John A. Neville explained in item V of his will his reasons for the execution of the deed to his daughter. Even if it be assumed that the deed was given as á gift, the transaction was not void.
 

 In
 
 Bolles
 
 v.
 
 Toledo Trust Co., Exr.,
 
 144 Ohio St., 195, 58 N. E. (2d), 381, 157 A. L. R., 1164, this court held:
 

 “A husband may dispose of his personal property during his lifetime without the consent of his wife; but a husband may not bar his widow of her right to a distributive share of any property which he owns and of which he retains the right of disposition and control up to the time of his death.”
 

 That principle was later affirmed in the case of
 
 Mark
 
 v.
 
 Mark,
 
 145 Ohio St., 301, 61 N. E. (2d), 595.
 

 ,, Except for Sections 10502-1 and 10502-6, General Code, the rule as to personal property, as announced in the
 
 Bolles
 
 and
 
 Mark cases, supra,
 
 would apply with equal force to real property.
 

 Section 10502-1, General Code, reads in part as follows :
 

 “A spouse who has not relinquished or been barred of it shall be endowed of an estate for life in one-third of all the real property of, which the consort was seized as an estate of inheritance at any time during the marriage, but all such dower interest shall terminate and be barred upon the death of the consort except:
 

 “(a) To the extent that any such real-property at any time during the marriage was conveyed by the deceased consort, the surviving spouse not having relinquished or been barred of dower therein * *
 

 Section 10502-6, General Code, provides:
 

 “If a husband or wife gives up real property by collusion or fraud, or loses it by default, the widow or widower may recover dower therein.”
 

 
 *544
 
 In the instant case there is no evidence to support the conclusion that John A. Neville gave up the property by collusion or fraud or lost it by default and therefore the last-quoted section has no application here.
 

 It is undisputed that plaintiff did not relinquish her dower or was not barred of it, hence under the provisions of Section 10502-1, General Code, she is entitled to her dower interest in the one-half of the property, • owned by her spouse, John A. Neville, during the marriage.
 

 The remaining question is whether the widow is entitled to a lien upon the one-half interest in the property owned by her husband prior to October 2, 1943, for her twelve-months’ allowance and for that portion of the estate exempt from administration.
 

 Section 10509-74, General Code, reads in part as follows:
 

 “The appraisers also shall set off and allow to the widow, and children under the age of eighteen years, if any there be * * * sufficient provisions or other property- to support them for twelve months from the decedent’s death * #
 

 Section 10509-54, General Code, reads as follows:
 

 “When a person dies leaving a surviving spouse, or a minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, live stock, grain, feed, hay, tools, implements, automobiles, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty
 
 *545
 
 per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal,
 
 belonging to the estate,
 
 prior to the claims of all unsecured creditors of the deceased or of the estate.” (Emphasis added.)
 

 Section 10509-55, General Code, reads in part as follows:
 

 “If there be a surviving spouse and no minor child or children, then such, articles shall belong to the surviving spouse. Such exempted sum of money as is received by a surviving spouse shall belong to such surviving spouse.”
 

 The right of a widow to receive support for twelve months after the husband’s death is a right granted to a widow, not to a wife. In other words, that right does not come into existence until the death of the husband.
 

 The right to the exemption from administration, as provided by Section 10509-54
 
 et seq.,
 
 General Code, likewise comes into being only upon the death of a spouse.
 

 Each of these rights, the twelve-months’ allowance
 
 *546
 
 and the exemption from administration, is a statutory-right. The G-eneral Assembly granted only expectant interests dependent upon the contingency that the property to- which such rights attach becomes a part of the decedent’s estate, which contingency does not occur if decedent has sold or given away the property during his lifetime.
 

 In the instant case, the property' described in the petition did not become a part of the estate of John A. Neville, hence the right to the twelve-months’ allowance and the right of exemption from administration did not attach to or become liens upon such property.
 

 A transfer of property by a husband during his life will operate to deprive his widow of property which the statutes would otherwise have given her at his death, provided such transfer actually divests him of ownership.
 

 Under the facts presented by this record, the Court of Appeals did not err in affirming the judgment of the Court of Common Pleas, and, therefore, the judgment of the Court of Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.