Weygandt, C. J.
The sole question before this court is whether the Court of Appeals was in error in holding that the Court of Common Pleas was without authority to decree a division of the property in this action.
The defendant, as did the Court of Appeals, relies on the decisions of this court in the four cases of DeWitt v. DeWitt, 67 Ohio St., 340, 66 N. E., 136; Marleau v. Marleau, 95 Ohio St., 162, 115 N. E., 1009; Durham v. Durham, 104 Ohio St., 7, 135 N. E., 280; and Mark v. Mark, 145 Ohio St., 301, 61 N. E. (2d), 595, 160 A. L. R., 608.
Paragraph one of the syllabus in the Marie case, supra, reads:
“1. All grounds for divorce and/or alimony and the rights of a relict in the estate of a deceased spouse are fixed by the statutory laws of this state.”
And in the opinion in the Durham case, supra, it was observed that ‘ ‘ this court is committed to the principle that in divorce and alimony proceedings the court in awarding alimony is controlled by statute, and is not authorized to exercise general equity powers. ’ ’
The plaintiff recognizes the effect of these earlier decisions but suggests that they are no longer controlling in view of the provisions of recently amended Section 3105.20, Revised Code, which reads in part as follows:
“In any matter concerning domestic relations,, the court shall not be deemed to be deprived of its full equity powers and jurisdiction.”
It is the contention of the defendant that this amendment of 1951 is without effect and that the jurisdiction of the trial courts in divorce and alimony actions remains unchanged.
With this view this court can not agree. When the General Assembly amends a statute, it is to be presumed that that legislation is not mere meaningless wordage. If, as stated in the opinion in the Durham case, supra, the trial courts formerly were “not authorized to exercise general equity powers” in such matters, that deficiency clearly has now been remedied by the emphatic new provision that the trial courts shall not be deemed to be deprived of their “full” equity powers and jurisdiction. Apparently the salutary purpose of the General As *459 sembly was to authorize the trial courts to exercise full equity powers and jurisdiction in adjudicating a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.
Hence, the Court of Appeals was in error in holding that the Court of Common Pleas was without authority to decree a division of property. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.