**The STATE of Ohio, Appellee,**

v.

**THROWER et al., Appellants.**

[Cite as *State v. Thrower* (1991), 81 Ohio App.3d 15.]

Court of Appeals of Ohio,
Summit County.

No. 14899.

Decided May 29, 1991.

*Gabrielle Manus,* Assistant Prosecuting Attorney, for appellee.

*Richard E. Dobbins,* for appellants.

REECE, Judge.

The question presented in this appeal is whether the spouse of an individual convicted under the Ohio racketeer influenced and corrupt organizations statute, R.C. 2923.32 *et seq.* ("RICO"), can assert dower rights against real property forfeited to the state.

## Facts

The parties have stipulated to the facts of this case. Albert D. Thrower and his brother, Thomas D. Thrower, pled guilty in 1989 to violations of Ohio RICO as well as trafficking in marijuana, R.C. 2925.03(A), and permitting drug abuse, R.C. 2925.13(B). An appeal was taken to this court and the case was remanded for further proceedings. *State v. Thrower* (1989), 62 Ohio App.3d 359, 575 N.E.2d 863 (*Thrower I*).

Prior to the appeal, the trial judge had ordered the forfeiture of specific real estate by authority of Ohio RICO. Shortly afterward, petitioner-appellant, Elena Economou, filed a petition seeking recognition and protection of dower rights she claimed in the property. She had been married to Albert Thrower since October 13, 1984. The land in question had been acquired thereafter.

Once the case was returned to the trial court, a hearing was conducted on the matter of Economou's dower rights. R.C. 2923.32(E). In an order dated December 4, 1990, the common pleas judge concluded that she had no vested interests in the property and was not entitled to relief pursuant to Ohio RICO. R.C. 2923.32(E)(4). The issue is now before us on appeal.

## Assignment of Error

"In a RICO forfeiture action, a spouse of a criminal defendant cannot be divested of her dower interest in the forfeited realty without adequate compensation from the proceeds of the sale of the forfeited realty."

Like its federal counterpart, Section 1963(a), Title 18, U.S.Code, Ohio RICO allows for *in personam* forfeiture proceedings against individuals retaining property used in or derived from a pattern of corrupt activity or collection of unlawful debt in violation of R.C. 2923.32(A). R.C. 2923.32(B)(3). In contrast to other forfeiture mechanisms, the state may attack only the perpetrator's *interest* in the property, and cannot proceed, *in rem*, against the property itself. *Thrower I, supra*, at 370–371, 575 N.E.2d at 870–871; see, also, *In re Billman* (C.A.4, 1990), 915 F.2d 916, 920; Reed & Gill, RICO Forfeitures, Forfeitable "Interests," And Procedural Due Process (1983), 62 N.Car.L.Rev. 57, 59–72.

Third parties who cannot successfully establish claims to the subject property in accordance with R.C. 2923.32(E) [1] are precluded from otherwise asserting

---

1. R.C. 2923.32(E)(4) declares:

"If at a hearing held under division (E)(3) of this section, the court, by a preponderance of the evidence, determines either that the petitioner has a legal right, title, or interest in the property that, at the time of the commission of the acts giving rise to the forfeiture of the property, was vested in the petitioner and not in the defendant or the adjudicated delinquent child or was superior to the right, title, or interest of the defendant or the adjudicated

their rights. R.C. 2923.32(F). By the plain terms of R.C. 2923.32(E)(4), Economou is entitled to relief only if she has a "legal right, title, or interest in the property" that, at the time of the offense, was (1) vested in her and not Albert Thrower, (2) superior to the right, title, or interest of Albert Thrower, or (3) was hers as a bona fide purchaser for value without cause to believe that the property was subject to forfeiture. In no event can she successfully invoke R.C. 2923.32(E) unless she can satisfactorily demonstrate that she enjoyed a "legal right, title, or interest in the property" at the pertinent moment.

In Ohio, husband and wife are placed upon terms of "absolute equality" in regard to their own property. Neither the concept of "community property" nor the rule of community of interest is recognized. 47 Ohio Jurisprudence 3d (1983) 126, Family Law, Section 651. A wife does not have any legal interests in the property of her husband except as necessary for support, dower, and occupancy of the mansion house. R.C. 3103.04. See *Hornacek v. Travelers Ins. Co.* (1991), 72 Ohio App.3d 31, 34, 593 N.E.2d 424, 426.

Of these three exceptions, Economou raises only dower. She cites R.C. 2103.02, which provides in pertinent part:

"A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage. Such dower interest shall terminate upon the death of the consort except:

"(A) To the extent that any such real property was conveyed by the deceased consort during the marriage, the surviving spouse not having relinquished or been barred from dower therein;

"(B) To the extent that any such real property during the marriage was encumbered by the deceased consort by mortgage, judgment, lien, except tax lien, or otherwise or aliened by involuntary sale, the surviving spouse not having relinquished or been barred from dower therein. If such real property was encumbered or aliened prior to decease, the dower interest of the surviving spouse therein shall be computed on the basis of the amount of the encumbrance at the time of the death of such consort or at the time of such alienation, but not upon an amount exceeding the sale price of such property."

---

delinquent child, or that the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section, it shall amend, in accordance with its determination, the judgment of forfeiture to protect the rights of innocent persons."

This statute was originally enacted in 1932 as G.C. 10502–1, Am.S.B. No. 10, 114 Ohio Laws 320, 337–338. It was amended in 1935, Am.S.B. No. 116, 116 Ohio Laws, Part I, 385, 387–388, and again in 1953 to its present form, S.B. No. 361, 125 Ohio Laws 903, 962–963.

Dower is one means of providing the surviving spouse with a source of support when the other spouse dies. Galaty, Allaway & Kyle, Modern Real Estate Practice in Ohio (1990) 71. Ohio is one of the few states which still retains this antiquated mechanism, albeit in a modified form. Kalinka, Federal Taxation of Community Income: A Simpler and More Equitable Approach, 1990 Wis.L.Rev. 633, 692, fn. 291.

"The dower law of Ohio was changed drastically by statutory enactments in 1932, which virtually abolished all vested dower except in such real estate: (1) conveyed during coverture, without the spouse joining in the deed, and (2) to the extent that such property during coverture was encumbered by mortgage without the spouse joining in the mortgage, or by judgment lien or otherwise without the surviving spouse having relinquished or been barred of dower. In lieu of dower interest which terminates upon the death of the consort, a surviving spouse is entitled to the distributive share provided by R.C. Section 2105.06." (Footnotes omitted.) 1 Anderson's Ohio Family Law (2 Ed.1989) 169, Section 12.4; see, also, Curry, Intestate Succession and Wills: A Comparative Analysis (1973), 34 Ohio St.L.J. 114, 130–131. Accordingly, "[d]ower rights *are extremely limited by Ohio law.*" (Emphasis *sic.*) Galaty, *supra,* at 72.

In *Goodman v. Gerstle* (1952), 158 Ohio St. 353, 49 O.O. 235, 109 N.E.2d 489, the Supreme Court of Ohio analyzed the statute and recognized that dower rights do not materialize into ascertainable property interests until, at a minimum, the death of a spouse. "During the lifetime of both spouses, dower is a contingent inchoate right and becomes vested in the surviving spouse only upon the death of the other spouse." *Id.* at 358, 49 O.O. at 237, 109 N.E.2d at 492. Consequently, "[a] person does not acquire a vested right to a dower interest in the property of his spouse until the latter's death." *Id.* at 360, 49 O.O. at 238, 109 N.E. at 493.

Every opinion cited by Economou for the proposition that she enjoys a valuable interest in her husband's property while he is alive predates R.C. 2103.02 (as the statute originally appeared in 1932) and *Goodman.* Her strongest authority, *Grundstein v. Suburban Motor Freight, Inc.* (1952), 92 Ohio App. 181, 49 O.O. 312, 107 N.E.2d 366, was decided approximately nine months prior to *Goodman* and cannot be squared with the Supreme Court's reasoning.

Economou's arguments to this court turn largely upon semantics. Admittedly, she enjoyed "vested" dower rights created by R.C. 2103.02 at the moment her husband acquired the properties. However, these dower rights—for what they are worth—could not materialize into actual property interests unless and until: (1) Albert Thrower died, (2) while the two were still married, and (3) absent the existence of any adulterous cohabitation. R.C. 2103.02, 2103.05, and 3105.10. Any such property interests, moreover, would exist only to the extent Economou had not relinquished them and only in real property conveyed or encumbered by her husband or aliened by involuntary sale. R.C. 2103.02.

Economou further attempts to invoke R.C. 2103.041, which protects dower rights, "whether inchoate or otherwise," from judicial sales of real property. The term "judicial sale" is not specifically defined in the statute but commonly refers to a "[s]ale conducted under a judgment, order, or supervision of a court." Black's Law Dictionary (6 Ed.1990) 849; see, also, 50 Corpus Juris Secundum (1947) 577–578, Judicial Sales, Section 1. Under the framework of Ohio RICO, a judge may order the forfeiture of property to the state, R.C. 2923.32(B)(3), but the prosecuting attorney is granted independent authority to dispose of such, R.C. 2923.35(C)(1). Should he or she elect to conduct a "public sale"—which is just one of several options available—court approval is not required. *Id.* Hence, such a sale is not a "judicial sale" and R.C. 2103.041 does not apply.

Our attention is also directed to R.C. 2103.06, which allows a "widow" or "widower" to recover dower rights in real property lost by default. Economou is not a widow.

As a final argument, Economou invites this court, under the doctrine of *in pari materia*, to read the safeguards codified in R.C. 2103.041 and 2103.06 into Ohio RICO. Since we do not find the forfeiture provisions to be ambiguous in regard to the protection of third-party interests, we will not employ this rule of construction to frustrate clear legislative intent. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, 746.

We therefore hold that R.C. 2103.02, pertaining to dower, did not vest Economou with a "legal right, title, or interest" in Albert Thrower's property at the time he was violating Ohio RICO. Accord *United States v. Schifferli* (C.A.4, 1990), 895 F.2d 987, 989, fn.; *United States v. Marx* (C.A.7, 1988), 844 F.2d 1303, 1305–1306 (applying similar marital property arguments to federal

RICO). Consequently, Economou is not entitled to the relief sought.[2] The trial court is affirmed in all respects.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.

---

**2.** Economou insists this result cannot be reached without imposing an unconstitutional taking of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 19, Article I of the Ohio Constitution. Because she has no present interest in the property, however, nothing has been "taken" from her. See *McKee v. Akron* (1964), 176 Ohio St. 282, 284–285, 27 O.O.2d 197, 198, 199 N.E.2d 592, 593–594.