The STATE of Ohio, Appellee,

v.

GARBER, Appellant.

[Cite as *State v. Garber* (1998), 125 Ohio App.3d 615.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2716–M.

Decided Feb. 4, 1998.

*Gregory Huber,* for appellee.

*Patricia F. Maynard,* for appellant.

SLABY, Presiding Judge.

Defendant-appellant, Linda Lou Garber, appeals from her conviction in the Medina Municipal Court for criminal damaging. We affirm.

In July 1996, appellant took a tire iron and knocked out the windows of a new 1996 Dodge pickup truck that her husband, Cary Garber, had leased from Strongsville Dodge, Inc. Mr. Garber filed a criminal complaint for domestic violence and for criminal damaging. As a result of pretrial negotiations, the charge of domestic violence was dismissed.

Appellant filed a motion to dismiss the criminal damaging charges, claiming that she had a "marital property interest" in the vehicle, and, therefore, she could not be criminally charged with causing "physical harm to the property of another." She proposed that it was not a criminal act for a person to damage or destroy property that belonged to the person doing the act.

The trial court denied appellant's motion, and appellant entered a plea of "no contest" to the charge of criminal damaging, R.C. 2909.06(A)(1), a second degree misdemeanor. The trial court found appellant guilty and sentenced her to one day in jail (which had already been served) and imposed a $50 fine. Appellant timely appeals, raising a single assignment of error:

"The municipal court erred in denying [appellant's] motion to dismiss a complaint for criminal damaging, when no action in domestic relations court and

no restraining orders exist as to a determination of ownership of marital property and/or assets."

■ R.C. 2909.06(A) states that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent." Appellant asserts that it is not criminal to damage or destroy property that belongs to the person doing the·act, unless the person is restrained by court order from doing so. She further proposes that, even though the truck was leased only to her husband, it constitutes "marital property" pursuant to R.C. 3105.171. The parties stipulated that they were married and had no pending actions in the domestic relations court, at the time of the incident. Appellant, however, postulates that it should be the task of a domestic relations court to determine her percentage property interest in the vehicle:

"Clearly, the domestic relations court has the power to award 100% ownership of a vehicle to a spouse not holding official title to the vehicle and *does* depending upon the totality of circumstances surrounding the termination of the marriage. Therefore, it is entirely possible that Mrs. Garber owned 100% of the vehicle, in which case, she cannot be held *criminally* liable for damaging her own property, absent other activity, such as insurance fraud and/or endangering the lives of others as in the case of arson!" (Emphasis *sic.*)

We find appellant's speculative arguments to be without merit. What a domestic relations court may or may not do in the future has no bearing on what occurred at the time appellant criminally damaged the truck. At that time, the truck unequivocally belonged to the leasing agency and was leased exclusively to Mr. Garber.

■ Marriage does not grant a wife an interest in her husband's real or personal property, except as statutorily granted for support and dower. R.C. 3103.03(A), 3103.04, and 3103.07; *State v. Thrower* (1991), 81 Ohio App.3d 15, 17, 610 N.E.2d 433, 435. See *Neville v. Sawicki* (1946), 146 Ohio St. 539, 33 O.O. 19, 67 N.E.2d 323; *Mark v. Mark* (1945), 145 Ohio St. 301, 30 O.O. 534, 61 N.E.2d 595. See, also, 45 Ohio Jurisprudence 3d (1994) 411–412, Family Law, Sections 61–63. R.C. 3103.04 specifically states that, except for the few enumerated exceptions, "[n]either husband nor wife has any interest in the property of the other." *State v. Herder* (1979), 65 Ohio App.2d 70, 75, 19 O.O.3d 47, 50, 415 N.E.2d 1000, 1004. There is no "community property" in Ohio. *State v. Thrower*, at 17, 610 N.E.2d at 435; *Matre v. Matre* (App.1928), 6 Ohio Law Abs. 484. Each spouse is entitled to take, hold, and dispose of his or her property as if unmarried. R.C. 3103.07. Ownership of property by one spouse is as distinct from ownership by the other as if the spouses were strangers. *Hillery v.*

*Jackson* (App.1931), 40 Ohio Law Abs. 202, 208, 56 N.E.2d 921, 924. See, also, *Hotel Pendleton Co. v. McNab* (1928), 29 Ohio App. 14, 15, 162 N.E. 784, 784.

Appellant's attempt to rely upon R.C. 3105.171(B) to grant her a property interest in her husband's truck is misplaced. R.C. Chapter 3105 is entitled "Divorce, Alimony, Annulment, Dissolution of Marriage." The statute cited by Appellant specifically states that it is applicable "in divorce proceedings" or "in legal separation proceedings," at which time the court may determine what constitutes marital property and make an equitable division between the spouses. The domestic relations court does not have "the power to hear all evidence of behavior within a marital relationship" at any time and "issue orders as to the marital assets * * * which might then be enforceable by another court of law" as appellant proposes. See, *e.g.*, R.C. 3103.04.

The property interests in the truck belonged to Mr. Garber, as the exclusive lessee, and the leasing agency, as the lessor. Appellant did not have any property interest in the truck. Any "marital interest" that could possibly be awarded to her at some indefinite time in the future, *if* the parties might divorce, is irrelevant. Moreover, the right of possession alone is a sufficient property interest to protect one against the crime of criminal damaging. *State v. Maust* (1982), 4 Ohio App.3d 187, 189, 4 OBR 289, 291–292, 447 N.E.2d 125, 128. See *Dayton v. Wells* (May 29, 1992), Montgomery App. No. 12862, unreported, 1992 WL 112941. Mr. Garber had the right of possession to the truck, which was sufficient to afford him the protection that the criminal damaging statute provides.

At the time that the crime occurred, there was no domestic relations case pending, and the property interest that was damaged was a property interest that inured to Mr. Garber. Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.