This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christopher Tolbert, appeals from the judgment of the Summit County Court of Common Pleas, which convicted him of domestic violence and receiving stolen property. We affirm.
 I.
{¶ 2} On February 8, 2002, Appellant was indicted on one count of Burglary, in violation of R.C. 2911.12(A)(3), one count of theft, in violation of R.C. 2913.02(A)(1), one count of violating a protection order, in violation of R.C. 2919.27, and one count of domestic violence, in violation of R.C. 2919.25(C). Appellant entered a plea of not guilty on all counts of the indictment. A supplemental indictment was filed on May 21, 2002, charging Appellant with receiving stolen property, in violation of R.C. 2913.51(A); Appellant entered a plea of not guilty to this charge. Appellant waived his right to trial by jury, and the matter proceeded to a bench trial, commencing on May 23, 2002. The court dismissed the charge of burglary and found Appellant not guilty of theft and violating a protection order. Appellant was found guilty of domestic violence and receiving stolen property, and the court sentenced him accordingly. This appeal followed.
 II.
{¶ 3} Before we reach the merits of this appeal, we must address whether this appeal is moot. The State has argued that because Appellant has served his sentence and paid his fine, the appeal is moot. We disagree.
{¶ 4} The Ohio Supreme Court has held that:
 "where a criminal defendant convicted of a misdemeanor, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral disability or loss of civil rights stemming from that conviction." State v. Golston (1994), 71 Ohio St.3d 224, 226, citing State v. Wilson (1975), 41 Ohio St.2d 236, and State v. Berndt
(1987), 29 Ohio St.3d 3.
{¶ 5} The State suggests that Appellant has served all of his jail time and, therefore, his appeal is moot. After his convictions, Appellant moved the trial court for an order staying execution of sentence pending appeal. That motion was denied, and Appellant thereafter twice moved this Court for a stay of execution. This Court denied both motions.
{¶ 6} An appeal from a misdemeanor conviction becomes moot when a defendant has voluntarily satisfied the judgment imposed upon him. SeeGolston, 71 Ohio St.3d at 226; Wilson, 41 Ohio St.2d 236, syllabus. In this case, we cannot say that Appellant has voluntarily served his sentence, given his repeated motions for a stay of execution. SeeCincinnati v. Baarlaer (1996), 115 Ohio App.3d 521, 524; State v. Harris
(1996), 109 Ohio App.3d 873, 875; State v. Benson (1986),29 Ohio App.3d 109, 109. Accordingly, the appeal is not moot, and we will proceed to address the appeal on the merits.
 Assignment of Error No. 1 "The trial court erred as a matter of law by finding defendant/appellant chris tolbert guilty of receiving stolen property when defendant/appellant had an ownership interest in the property at issue."
{¶ 7} In his first assignment of error, Appellant argues that he cannot be convicted of receiving stolen property because he has an ownership interest in the property. The property in question in this case is a laptop computer. Appellant asserts that the laptop was marital property in which he had an interest, and, therefore, he cannot be convicted of receiving stolen property. We disagree.
{¶ 8} At the time of trial, Appellant and Anne Tolbert had been married for approximately 15 years, but the couple had been estranged since July 2001. At that time, Appellant moved out of the marital home. Anne filed for divorce at the end of October, 2001. During the bench trial in this matter, Anne testified that she purchased a laptop in January 2001, with her own credit card. On September 30, 2001, Anne placed several boxes of Appellant's clothing outside the home so that Appellant could retrieve the items while she was away. When Anne returned, she discovered that the door to the residence had been forced open and her laptop was missing.
{¶ 9} Anne testified that she accused Appellant of taking her laptop, an accusation which he denied. However, Anne stated that when she saw Appellant on her way to the domestic relations court on December 4 and informed Appellant that she wanted her laptop returned, Appellant responded that she would have it back that night. That evening, Appellant gave Anne her laptop.
{¶ 10} R.C. 2913.51(A) provides: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
{¶ 11} Appellant asserts that the laptop is not "the property of another," but is marital property, relying upon R.C. 3105.17.1 and the distinction of marital property and separate property. In State v.Garber (1998), 125 Ohio App.3d 615, this Court addressed a similar issue, concerning whether an individual could be convicted of criminal damaging for causing physical damage to property of her spouse. In that case, Garber was convicted for causing damage to a truck that her husband had leased. Garber argued that even though the truck had been leased exclusively to her husband, it constituted marital property. Garber argued that the domestic relations court could award ownership of the vehicle to her upon divorce, and therefore, she could not be convicted of causing damage to her own vehicle. This Court rejected her argument, finding that any reliance on R.C. Chapter 3105 was misplaced. Garber,125 Ohio App.3d at 618. Similarly, in this case, Appellant's argument that he has an interest in the laptop as marital property must fail.
{¶ 12} Marriage does not grant an individual an interest in his or her spouse's real or personal property except as statutorily granted for support, dower, or the right to remain in the mansion house after the death of the other. Id. at 617; see, also, R.C. 3103.03(A) and 3103.04. Moreover, "[a] married person may take, hold, and dispose of property, real or personal, the same as if unmarried." R.C. 3103.07. R.C. 3105.17.1(A)(3)(a)(i) defines marital property as "[a]ll real and personal property that is currently owned by either or both of the spouses *** and that was acquired by either or both of the spouses during the marriage." "[T]he holding of title to property by one spouse individually or by both spouses in a form of co-ownership does not determine whether the property is marital property or separate property." R.C. 3105.17.1(H). R.C. Chapter 3105 is titled "Divorce, Alimony, Annulment, Dissolution of Marriage." R.C. 3105.17.1(B) dictates that "[i]n divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property." It is therefore clear that the definitions of marital and separate property cited by Appellant apply only in divorce and legal separation proceedings, whereby the court equitably divides the property between the spouses. See Garber,125 Ohio App.3d at 618.
{¶ 13} We therefore conclude that Appellant does not have an ownership interest in the laptop. The testimony revealed that although the laptop was purchased while the Tolberts were married, Anne purchased the laptop with a credit card issued in her name alone. The mere possibility that the domestic relations court may award the laptop to Appellant at some future time is irrelevant to whether he can be convicted of receiving stolen property. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error No. 2 "The trial court erred when it decided the defendant/appellant chris tolbert was guilty, beyond a reasonable doubt, of the crime of receiving stolen property in violation of R.C. 2913.51(A), based on the facts contained in the Transcript of Proceedings."
{¶ 14} In his second assignment of error, Appellant challenges the sufficiency of the evidence. Specifically, he argues that there was no evidence presented that he knew or had reasonable cause to know that the laptop was obtained through the commission of a theft offense. We disagree.
{¶ 15} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
{¶ 16} R.C. 2913.51(A) provides: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
{¶ 17} "Absent an admission by a defendant, the element of reasonable cause to believe that an item was stolen can only be proved by circumstantial evidence." State v. Colon, 9th Dist. No. 20949,2002-Ohio-3985, ¶ 18, citing State v. Hankerson (1982),70 Ohio St.2d 87, 92. Factors to be considered when determining whether a defendant knew or should have known the property had been stolen include:
 "(a) the defendant's unexplained possession of the merchandise, (b) the nature of the merchandise, (c) the frequency with which such merchandise is stolen, (d) the nature of the defendant's commercial activities, and (e) the relatively limited time between the thefts and the recovery of the merchandise." State v. Davis (1988), 49 Ohio App.3d 109, 112.
{¶ 18} Moreover, the defendant's possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which a fact finder could reasonably find, in light of the surrounding circumstances of the case, that the defendant knew that the property had been stolen. Colon, 2002-Ohio-3985, ¶ 20, citing Statev. Warren (May 26, 1993), 9th Dist. No. 16034.
{¶ 19} Appellant argues that his possession of the laptop can be "explained by the fact of the nature of the property as marital property." Appellant argues that therefore, he could reasonably have believed that the laptop was his. Essentially, Appellant attempts to claim a defense of mistake of law. However, such a defense is not recognized in Ohio. State v. Pinkney (1988), 36 Ohio St.3d 190, 198.
{¶ 20} Based upon the evidence presented, any fact finder could have found that Appellant knew or had reasonable cause to believe that the laptop had been obtained through the commission of a theft offense. Accordingly, the conviction was based upon sufficient evidence. Appellant's second assignment of error is overruled.
 III.
{¶ 21} Having overruled Appellant's assignments of error, we affirm the judgment of the Summit County Court of Common Pleas.
SLABY, P.J. and CARR, J. CONCUR.