[Cite as *Donahue v. McKee*, 2022-Ohio-1037.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William C. Donahue, | : | |
| Plaintiff-Appellant, | : | No. 21AP-492 |
| | | (M.C. No. 2021 CVF-007007) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael P. McKee et al. | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 29, 2022

**On brief:** *William C. Donahue*, pro se. **Argued:** *William C. Donahue.*

**On brief:** *Brendan T. King*, for appellees. **Argued:** *Brendan T. King.*

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, William C. Donahue, appeals the September 10, 2021 judgment of the Franklin County Municipal Court granting the oral motion of defendants-appellees Michael P. McKee and Laura Ann McKee to dismiss appellant's complaint for failure to state a claim upon which relief can be granted. Appellant is an attorney representing himself, and asserts a single assignment of error:

> The trial court erred in dismissing the appellant's complaint for
> conversion by the Defendants of an automobile that was
> marital property half owned by the appellant.

{¶ 2} Appellant was married to Michael P. McKee's mother, Ellen McKee. Ellen McKee filed a contested divorce case against appellant on November 17, 2020, and on that same date filed a motion to expedite the case, asserting that she was suffering from stage four pancreatic cancer with a terminal prognosis. *See generally* Docket & Pleadings filed

in *McKee v. Donahue,* Franklin C.P. No. 20DR-3987.  At some point on that same date, Ellen McKee transferred ownership of a 2013 Honda CR-V to her son, Michael P. McKee. *See* Ex. A attached to Reply of Def.'s to Pl.'s Mot. for Partial Summ. Jgmt. & Mot. for Dismissal of Pl's Compl., Doc. No. 20 filed in *Donahue v. McKee,* Franklin M.C. No. 2021 CVF 007007 (filed Aug. 24, 2021).  After that transfer, but prior to resolution of the divorce case, Ellen McKee died. *See* Suggestion of Death filed in *McKee v. Donahue,* Franklin C.P. No. 20DR-3987 (filed Feb. 1, 2021).  Thereafter, appellant filed this action, arguing that appellees had conspired with Ellen McKee to wrongfully convert his "vested half-interest" in the 2013 Honda CR-V to their ownership.   Appellees filed to dismiss the case, arguing that Ellen McKee was the titled owner of the car and had authority to transfer the vehicle.

{¶ 3}    The trial court agreed with appellees and dismissed the case, concluding that "[t]he Plaintiff has not established that a claim can be sustained against the Defendants." Entry, Doc. No. 23 filed in *Donahue v. McKee,* Franklin M.C. No. 2021 CVF 007007 (filed Sept. 10, 2021).  Appellant timely appeals, arguing that R.C. 3105.171 establishes that the automobile was marital property, that he had a vested half-interest in the automobile, and that Ellen McKee was forbidden from transferring it because of a restraining order issued in the divorce case.  He therefore contends that the trial court erred in dismissing his claim.

{¶ 4}    Appellant's arguments lack merit. First, as the appellees correctly argue, pursuant to R.C. 3103.07, "[a] married person may take, hold, *and dispose of property*, real *or personal, the same as if unmarried*." (Emphasis added.)  The statute confirms that Ohio is not a "community property" state that automatically grants each spouse a full vested interest in any property of the other that is acquired during the marriage.  *See, e.g., United States v. Satava*, 99 F.Supp.3d 761, 765 (N.D. Ohio 2015) (rejecting a similar argument relying upon R.C. 3105.171, citing R.C. 3103.07, and holding that "Ohio is not a community property state, and spouses are free to take, hold, and dispose of property as if unmarried.").

{¶ 5}    Moreover, Ohio courts have squarely rejected the theory that R.C. 3105.171 can be used to establish an ownership interest in property beyond the context of separation of property between the two parties to a marriage, *see, e.g., State v. Garber*, 125 Ohio App.3d 615, 618 (9th Dist.1998), and the plain text of the statute clearly indicates that is only applicable in such actions.  *See* R.C. 3105.171(B) ("In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may,

determine what constitutes marital property and what constitutes separate property."). Accordingly, appellant's reliance on R.C. 3105.171 to establish his ownership rights is unavailing.

{¶ 6}    Additionally, Ohio's automotive title statute specifically states that "no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced * * * by a certificate of title * * * [b]y admission in the pleadings or stipulation of the parties * * * [or in an appropriate action] by an instrument showing a valid security interest."  R.C. 4505.04(B). It is beyond dispute that the 2013 Honda CR-V in question was titled solely to Ellen McKee, that there was no admission or stipulation in the divorce action that clearly established appellant's ownership interest in the automobile, and that appellant has not shown he has a valid security interest in the vehicle.  As such, appellant cannot prove the existence of his ownership rights under the title statute either.

{¶ 7}    Appellant has repeatedly stated to this court that he has a "vested interest" in the automobile. *See* Appellant's Brief at 6 and Appellant's Reply Brief at 5, but the authority he relies upon for that proposition is less than dubious.  First, he has repeatedly replied upon a case that does not exist. *See id.* (both citing to "*Crossley v. Shockley*, 2014 Ohio App. LEXIS 8301 (2019)").  It appears that appellant may have meant to cite *Carney v. Shockley*, 7th Dist. 14 JE 8, 2014-Ohio-5829, but that case—which deals with the reversion of allegedly abandoned mineral rights under R.C. 5301.56—has no bearing on whether an ownership interest in personal property has "vested" in the titled owner's spouse during a marriage.

{¶ 8}    And finally, all of appellant's arguments presume that appellees were both aware of and bound by a temporary restraining order issued by the domestic relations court in the divorce action between appellant and Ellen McKee.  But as noted above, the transfer of the auto title occurred on the same date as the filing of divorce action, and it seems logical that the transfer could have occurred prior to the filing of the divorce, rendering the entire issue moot.  We note that appellant has provided neither the trial court nor this court any good faith basis to conclude to that the automobile was even subject to the restraining order, let alone any good faith basis that Ellen McKee violated the restraining order.  And it almost goes without saying he has provided no basis in law or fact to suggest that the

appellees—nonparties to the domestic relations action—were somehow subject to the terms of that order. Even assuming that the automobile was subject to an order restraining it from being transferred, by its plain terms that order extended only to the transferor Ellen McKee, not to the transferee appellees in this action. Any remedy that the appellant might theoretically been able to gain would have been in the form of a contempt judgment in the domestic relations case, not by a new action against nonparties to that case.

{¶ 9} In short, appellant's claims in this case were wholly lacking in any legal foundation, and largely lacking in any factual foundation. For these reasons, the trial court correctly concluded that appellant failed to state a claim upon which he could obtain relief, and his single assignment of error is overruled.

{¶ 10} In their answer brief to this court, the appellees have asserted that appellant's conduct, both in bringing this action and then in appealing the trial court's judgment to this court, has been frivolous. (Appellees' Brief at 11-12.) For all of the reasons set forth in this opinion, we agree. App.R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee. " In *Scott Elliott Smith Co., LPA v. Carasalina, LLC*, 192 Ohio App.3d 794, 2011-Ohio-1602, (10th Dist.) this court applied the rule and observed that "a frivolous appeal 'is essentially one which presents no reasonable question for review.' " *Id.* at ¶ 27, quoting *Talbott v. Fountas*, 16 Ohio App.3d 226, syllabus (10th Dist. 1984). *See also Coburn v. Auto-Owners Ins. Co.*, 189 Ohio App.3d 322, 2010-Ohio-3327, ¶ 56 (10th Dist.).

{¶ 11} Here, it is amply clear that appellant's claims were not reasonable at the time of the filing and present no reasonable question for us on appeal—the law on this matter is well-settled, was easily discoverable by the appellant prior to the filing of his complaint and the filing of this appeal, and there is no good-faith basis for a modification or extension of the law to allow appellant's claims. Accordingly, we order that appellant, who is a licensed attorney that has wholly failed in his professional responsibilities to the appellees and to this court, shall pay to the appellees $500 as a sanction for his frivolous conduct in filing and pursuing this appeal.

{¶ 12} Appellant's sole assignment of error is overruled and the judgment of the Franklin County Municipal Court dismissing his case is affirmed. Appellees' request for

sanctions is granted, and the court awards the appellees $500 as sanction for appellant's frivolous appeal.

*Judgment affirmed. Appellees'*
*request for sanctions granted.*

KLATT and MENTEL, JJ., concur.

———————————