966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert THROWER, Plaintiff-Appellant,
v.
Terry STEEL, et al., Defendants-Appellants.
 No. 91-3734.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1992.
 
 Before RALPH B. GUY, Jr., BOGGS B. and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, appellant forfeited his rental business property as part of a negotiated plea bargain under Ohio's RICO statute. The issue on appeal is whether the district court was correct in finding that the trade name of the business, "College Rentals," was included in the forfeiture of the rental property and whether the district court had jurisdiction to review the alleged ownership of the trade name under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. We affirm the district court's decision on the grounds that the trade name was forfeited with the business.
 
 
 2
 * In 1989, plaintiff Albert Thrower and his brother, Thomas Thrower, pled guilty to violations of Ohio's corrupt activity ("RICO") statute, Ohio Rev.Code § 2923.32., as well as drug trafficking in marijuana, Ohio Rev.Code § 2925.03(A), and permitting drug abuse, Ohio Rev.Code § 2925.13(B). As part of his negotiated plea bargain under the RICO statute, Thrower forfeited his housing rental business, "College Rentals," to the State of Ohio on February 22, 1989. Thrower owned many apartment buildings near Akron University and rented them to students from all over the United States. Between 1982 and 1984, Thrower developed the trade name "College Rentals," the sign used to advertise the business, the College Rentals logo, and its trademark. He also developed forms that he called "utility transmittals" and "utility deposit transmittals," and the College Rentals lease form.
 
 
 3
 When the College Rentals business was forfeited, defendant prosecutor Lynn C. Slaby hired defendant Terry Steel, pursuant to a court order, to manage the forfeited properties until they could be sold. Steel hired defendant Mike Thompson to help him and also contracted with defendant Great Oaks Management to do repairs. Defendant Charles Sachs's only connection to the property is that he bought some of it at a public auction.
 
 
 4
 In district court, Thrower alleged that after Slaby found out that the College Rentals business was profitable, he conspired with the other defendants to gain control of the business by means of the negotiated plea agreement. Thrower alleged that Slaby appropriated use of the trade name "College Rentals," the signs, letterhead, logo and trademark, as well as various business forms, in violation of his trademark rights under the Lanham Trademark Act of 1946, 15 U.S.C. § 1501 et seq., and copyright rights under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. He also alleged that the state action violated his first amendment right to express himself and brought a claim under 42 U.S.C. § 1983. Finally, he alleged violations of state laws on trade practices under Ohio Rev.Code § 4165.02.
 
 
 5
 The district court determined that the trade name "College Rentals" was used only in intrastate business and, therefore, did not fall under the protection of the Lanham Act. The district court also held that further litigation of whether Thrower had forfeited his right to his property was barred by the doctrine of res judicata. The district court held that any rights Thrower had to the name, trademarks, and forms had been automatically transferred with the court-ordered forfeiture.
 
 
 6
 The district court also held that Thrower owned no copyrights to the forms that he allegedly created for his rental business. The district court determined that the prosecutor and the agents named as defendants were absolutely immune from damage liability under § 1983. Finally, the court determined that there was no ground for declaratory or injunctive relief against the defendants.
 
 
 7
 Thrower appealed. The district court certified that this appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a). Thrower then moved for in forma pauperis status on appeal. Fed.R.App.P. 24(a). This court entered an order on November 29, 1991, granting the plaintiff leave to proceed in forma pauperis.
 
 II
 
 8
 The district court refused to entertain Thrower's trade name infringement argument, concluding that it lacked jurisdiction under the Lanham Act. It stated: "A purely intrastate business is in interstate commerce for purposes of Sec. 43(a) of the Lanham Act [only] if it has a substantial economic effect on interstate commerce." J.A. at 17, citing Burger King of Florida, Inc. v. Brewer, 244 F.Supp 293, 298 (W.D.Tenn.1965). Appellant argues that such a narrow interpretation of interstate commerce is wrong under Larry Harmon Pictures v. Williams Restaurant, 929 F.2d 662 (Fed.Cir.), cert. denied, 112 S.Ct. 85 (1991). However, we do not have to decide whether or not the district court correctly interpreted the Lanham Act, as we affirm on the grounds that Thrower assigned his right to the trade name "College Rentals" as part of his forfeiture plea bargain agreement. We must affirm the district court if its decision is correct for any reason fairly presented in the record. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985).
 
 
 9
 We agree with the district court that the issue of whether forfeiture of Thrower's property was legal was barred by the doctrine of res judicata. See Allen v. McCurry, 449 U.S. 90 (1980). The district court stated that "this lawsuit appears to be yet another of a series of actions whereby Thrower has attempted to challenge the validity of the forfeiture of his College Rentals business properties" and held that "[t]he legality of this forfeiture has been the subject of state court appeals as well as at least two other cases filed in this court."[1]
 
 
 10
 Indeed, Thrower explicitly challenged the "nature and extent of the forfeiture at proceedings at which the defendants were not present." State v. Thrower, 62 Ohio App.3d. 359, 377 (1989). The Ohio court found that the forfeiture of one hundred forty-one parcels of real estate did not violate the provisions of the Ohio RICO statute. Id. at 379. Specifically, the district court noted the following sections in upholding the forfeiture of Thrower's property.
 
 
 11
 The court shall order any person convicted of a violation of this section to criminally forfeit to the state any personal or real property in which he has an interest and that was used in the course of, intended for the use in the course of, derived from, or realized through conduct in violation of this section, including any property constituting an interest in, means of control over, or influence over the enterprise involved in the violation and any property constituting proceeds derived from the violation ...
 
 
 12
 Ohio Rev.Code 2923.32(B)(3).
 
 
 13
 .............................................................
 
 
 14
 ...................
 
 
 15
 * * *
 
 
 16
 A sentence of criminal forfeiture pursuant to division (B)(3) of this section shall not be entered unless the indictment or information alleges the extent of the property subject to forfeiture, or unless the sentence requires the forfeiture of property that was not reasonably foreseen to be subject to forfeiture at the time of the indictment or information, provided that the prosecuting attorney gave prompt notice to the defendant of such property not reasonably foreseen to be subject to forfeiture when it is discovered to be forfeitable.
 
 
 17
 Ohio Rev.Code § 2923.32(B)(4).
 
 
 18
 Ibid.
 
 
 19
 In State v. Conley, No. CA90-11-023, 1991 WL 129796, 1991 Ohio App. LEXIS 3343 (Ohio App. July 15, 1991), a case that also deals with a plea bargain RICO forfeiture, the Ohio court emphasized that because "RICO forfeiture is in the nature of an in personam sanction against the individual rather than a judgment against the property itself ... there must be some nexus between the racketeering activity and the forfeiture." 1991 WL 129796, at * 5, 1991 Ohio App. LEXIS 3343, at * 15 (citations omitted). The Conley court concluded:
 
 
 20
 It is our view that even in the case of a guilty plea, a similar fact-specific determination that the property is subject to forfeiture is required. Otherwise, favorable plea bargains could be "bought" through agreements to forfeit property even if that property is not related in any way to the corrupt activity. We note that federal courts have concluded that property is not automatically forfeitable simply because there is a plea agreement.
 
 
 21
 1991 WL 129796, at * 5, 1991 Ohio App. LEXIS 3343, at * 16 (citations omitted). While the Conley court concluded that the trial court there had failed to make the necessary specific findings as to nexus, here the Ohio appeals court specifically held that "[t]he record supports the fact that the Throwers were sentenced to forfeiture of one hundred forty-one parcels of real estate at the February 22, 1989 hearing at which they were present." State v. Thrower, 62 Ohio App.3d at 379. The appellate court specifically examined the record and did not indicate that the trial court had failed to make a finding of fact as to the justification for the forfeiture of the property.
 
 
 22
 It is clear that the issue of the legality of the forfeiture has already been addressed by the state courts and principles of res judicata apply. However, Thrower argues that the issue still remains as to whether the trade name "College Rentals" was included as part of this forfeiture. The district court held that it was, finding that "the involuntary transfer of his College Rentals business to the State of Ohio by operation of law resulted in the automatic transfer of his business name and any common-law trademarks he may have owned."
 
 
 23
 We agree with the district court that forfeiture of the business property included not only the one hundred forty-one parcels of property but also the trade name, "College Rentals." While "College Rentals" was not a registered trademark, such registration is not required in order to be protected from trademark infringement under the Lanham Act, as ownership of a mark can be established by use. Union National Bank of Texas, Laredo v. Union National Bank of Texas, Austin, 909 F.2d 839, 842 (5th Cir.1990).
 
 
 24
 A trademark or trade name can be acquired by assignment, see LaFayette Brewery, Inc. v. Rock Island Brewing Co., 87 F.2d 489, 24 CCPA 925 (C.C.P.A.1937), with the presumption that, unless expressly reserved, any trademarks pass with the assignment of the business as a whole. McCane v. Mims, 187 F.2d 163, 167 (C.C.P.A.1951). Although plea bargain agreements are not directly addressed in McCane v. Mims, the Throwers' agreement served to assign their business to another party, the government. The presumption of assignment of the trade name as part of this agreement is not rebutted by Thrower here. The record nowhere indicates that Thrower specifically reserved the use of the trade name from forfeiture. Indeed, the lower state court's order indicates a broad interpretation of the forfeiture agreement, requiring that the Throwers "criminally forfeit their interests in the listed properties." State v. Thrower, 62 Ohio App.3d at 378 (emphasis added).
 
 
 25
 We AFFIRM the district court on the basis that the trade name was assigned to the government as part of the forfeiture agreed to in the plea bargain.
 
 
 
 [1]
 See State v. Thrower, 62 Ohio App.3d 359 (1989); Thrower v. Slaby, et al., No. 90 CV 718, slip op. (N.D.Ohio, June 8, 1990) (dismissed as frivolous), affirmed, No. 90-3549, slip op. (6th Cir. March 19, 1991); Thrower v. Commerce Title Agency, et al., No. 90 CV 1970, slip op. (N.D.Ohio, May 9, 1991) (dismissed for failure to state a claim), appeal docketed, No. 91-3483 (6th Cir. May 28, 1991). State v. Thrower, C.A. No. 14899, 1991 WL 95260, 1991 Ohio App. LEXIS 2495 (May 29, 1991)