**In re Benita Johnson, Debtor.**

**No. 01–37337(3)7.**

United States Bankruptcy Court,
W.D. Kentucky.

July 29, 2002.

David W. Brangers, Louisville, KY, for Debtor.

John Baxter Schilling, Louisville, KY, trustee.

### MEMORANDUM

DAVID T. STOSBERG, Chief Judge.

This matter comes before the Court on the Motion of the Debtor to Dismiss her bankruptcy petition. The Trustee, J. Baxter Schilling (the "Trustee") also filed a motion to extend the time to file a nondischargeability complaint, which motion is mooted by the accompanying Order dismissing this case with prejudice.

### Factual Background

The Debtor filed bankruptcy on December 11, 2001 and on March 6, 2002, the Trustee faxed a letter to the Debtor requesting, within 14 days, that the Debtor turn over $5,621.55 of estate property. (*See* docket # 16, exhibit, detailing the property.) The $5,621.55 was comprised of tax refunds, wages, bank account funds, 401(k) contributions within 120 days of filing, and loan payments made to the Debtor's 401(k) within one year of the filing. The Trustee failed to receive the money requested from the Debtor by March 20, 2002, and on April 15, 2002, the Trustee filed a motion to compel the Debtor to turnover these sums.

At a hearing, the Debtor offered no plausible explanation for her failure to pay the money over to the Trustee, simply stating that she spent the money on living expenses and private school tuition. The Court ordered the Debtor to provide a breakdown of the expenditures. The Debtor filed a list of receipts from various personal expenses she made with the tax refunds. (See docket # 24 with exhibits.) The Debtor spent the majority of the estate's money after being notified by the Trustee on March 6, 2002 of her duty to turn over the money to the Trustee. In fact, after the Court ordered the Debtor to turnover the money on March 8, 2002, she paid $600 to St. Dennis for tuition, $1,572.37 to LG & E for utilities, and $600 to EMW Womens Surgery.

The Trustee filed a Recommendation with the Court requesting that the Court dismiss the Debtor's case with prejudice and bar her from filing another bankruptcy petition for six years. In response, the Debtor simply requested that the Court dismiss her case, still offering no justification for spending property of the estate.

### Legal Discussion

All debtors have a duty to "cooperate with the trustee as necessary to enable

the trustee to perform the trustee's duties," which the Debtor blatantly failed to do. 11 U.S.C. § 521(3). Section 727 provides all debtors with a discharge, unless a debtor engages in specified conduct, including transferring property of the estate after the filing date. The Debtor clearly violated 11 U.S.C. § 727(a)(2)(B) when she spent property of the estate, after the date of the filing.

■ We now turn to the proper remedy for Debtor's conversion of estate property. 11 U.S.C. § 349(a) provides,

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 109(g) provides that a debtor whose case was dismissed by the court for willful failure to abide by a court order may not raffle refile for 180 days. The Debtor failed to abide by this Court's turnover order. The Court finds Debtor's conduct in this case particularly egregious as she blatantly spent property of the estate, post-petition, after the Trustee notified her in writing of the duty to provide the Trustee with the money. Therefore, merely prohibiting the Debtor from filing another petition for 180 days is an insufficient punishment. *See, e.g., Colonial Auto Center v. Tomlin,* 105 F.3d 933 (4th Cir.1997).

### Conclusion

Based on the egregious nature of the Debtor's conduct, the Court has entered an Order dismissing the Debtor's petition for cause pursuant to 11 U.S.C. § 349(a). The Debtor is forever barred from obtaining a discharge of the debts which existed at the time of the entry of the accompanying Order, and further, the Debtor is barred from filing any bankruptcy petition for a period of six (6) years from the date of the Court's dismissal Order. We have entered an Order this same date incorporating the findings of this Memorandum.